IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francis Mackey Davison, III,         ) | C/A No. 0:10-3145-RMG-PJG |
|                                      ) | |
| Petitioner,                          ) | |
|                                      ) | |
| vs.                                  ) | **REPORT AND RECOMMENDATION** |
|                                      ) | |
| Warden of FCI-Estill,[1]             ) | |
|                                      ) | |
| Respondent.                          ) | |
| _____) | |

The plaintiff, Francis Mackey Davison, III ("Davison"), a self-represented federal prisoner currently housed at FCI-Estill of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241 alleging that BOP has erroneously calculated his sentence. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion to dismiss, or in the alternative, for summary judgment. (ECF No. 13.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 14.) Davison filed a response in opposition (ECF No. 19), the respondent filed a reply (ECF No. 20), and Davison filed a sur-reply (ECF No. 22).[2] Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

---

[1] Davison's motion to amend the caption can be terminated as moot in light of the court's order of December 22, 2010, which effected the change Davison seeks to make.

[2] The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." However, even considering Davison's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant the respondent's motion.



## BACKGROUND

Davison was arrested on September 9, 2003 for a violation of his state probation in Florida. (ECF No. 13-2 at 4.) On October 29, 2003, Davison was federally indicted in the Middle District of Florida. (ECF No. 13-3 at 2.) Pursuant to a writ of habeas corpus *ad prosequendum* issued on October 31, 2003, Davison was temporarily released to the United States Marshals Service on November 12, 2003. (See ECF No. 13-3 & 13-4.) Davison appeared in federal court several times following his federal arrest; for example, he appeared for his initial appearance (November 12, 2003); for his arraignment, where he entered a plea of not guilty (November 19, 2003); to enter a plea guilty pursuant to a plea agreement (March 17, 2004); and for sentencing (June 14, 2004). (ECF No. 13-3.) During this time, Davison also made periodic appearances in state court for proceedings pertaining to his state probation violation charge. (See generally ECF No. 13-2.)

On June 14, 2004, the United States District Court sentenced Davison to 120 months' imprisonment on his federal charge. (ECF No. 13-3.) On June 18, 2004, Davison was returned to state custody. (ECF No. 13-4 at 2.) On July 26, 2004, Davison appeared in Florida state court. (ECF No. 13-2 at 5.) The state judge revoked Davison's probation and sentenced Davison to 10 years' imprisonment to run concurrently with his federal sentence. (ECF No. 13-6.) The state judge credited Davison with 688 days toward his state term for the time he had spent in pre-sentence confinement. (Id.)

The United States Marshals Service filed a detainer with the state of Florida on October 1, 2004 based on Davison's federal conviction. (ECF No. 13-7 at 2, see also ECF No. 13-2 at 6.) On February 7, 2006, the state court modified Davison's state sentence from 10 years' imprisonment to "credit [for] time served." (ECF No. 13-6 at 3.) Davison was released to federal authorities the next day and was received at the Federal Correctional Institution in Estill, South Carolina, where he is

currently incarcerated, on May 9, 2006. (ECF No. 13-4 at 2; 13-7 at 2; see also ECF No. 1 at 1.) BOP calculated Davison's federal sentence as commencing on February 8, 2006, the date that he was released into federal custody, with an anticipated release date of October 25, 2014, which includes good time credit. (ECF No. 1 at 2.)

Through the administrative remedy program, Davison has requested that BOP grant him a *nunc pro tunc* designation to enable his federal sentence to run concurrently with his state sentence as ordered by the state court judge. (ECF No. 1-1 at 4-15.) BOP denied Davison's request, determining that his federal term must run consecutively to his state term because the federal court did not order his federal term to run concurrently to his pending state probation revocation. BOP further found that a *nunc pro tunc* designation was not appropriate due to the nature of Davison's state conviction and his repetitive criminal conduct. (ECF No. 1-1 at 15.)

Davison filed a Petition for a writ of habeas corpus on September 1, 2010.[3] (ECF No. 1.) In Davison's Petition, he requests that the court find that he is entitled to additional credit toward his federal sentence. Specifically, Davison requests jail credit for time served from "09/09/2003 to 07/26/2004 and 516 days incarcerated in the Florida Department of Corrections" for a total of 881 days.[4] (Id. at 6.)

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

---

[3] Davison filed his Petition in the Middle District of Florida on September 1, 2010 and it was subsequently transferred to the District of South Carolina.

[4] It is unclear how Davison arrived at 881 days utilizing these dates.



Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

**C.     Discussion**

Davison contends that he is entitled to credit toward his federal sentence for time spent in state custody because the federal and state charges should have run concurrently and because his state sentence was vacated. The respondent has moved for summary judgment, arguing that Davison is not entitled to any additional credit toward his federal sentence.

BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. United States v. Wilson, 503 U.S. 329, 333-35 (1992). According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.



(See also Program Statement 5880.28, Respt.'s Mot. to Dismiss, Ex. 8, ECF No. 13-8 (containing excerpts from a guideline promulgated by BOP concerning awarding prior custody credit)).

As discussed above, Davison was in state custody following his arrest on September 9, 2003. Davison's appearances in federal court for federal charges were pursuant to a federal writ of habeas corpus *ad prosequendum*. After the federal court sentenced Davison, Davison was then sentenced on his state charges. Thereafter, a detainer was filed with the State of Florida for Davison to serve his federal term of imprisonment. Davison received credit toward his state sentence for all the time he spent in custody prior to the commencement of his federal sentence, including the days he was in federal court pursuant to the federal writ of habeas corpus *ad prosequendum*.

Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit toward their state sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ of habeas corpus *ad prosequendum* and citing a collection of case law). Davison appears to argue that his state sentence was vacated and he is therefore entitled to apply the time he spent in state custody toward his federal sentence. (Petr.'s Resp. in Opp'n Mot. to Dismiss at 2, ECF No. 19 at 2.) However, the record reveals that the state court *modified* his state sentence to credit for time served on February 7, 2006; there is no evidence supporting Davison's contention that his state sentence was vacated. (ECF Nos. 1-1 at 2; 13-6 at 3.) Accordingly, Davison received credit on his *state* sentence for all of the time he seeks to apply to his *federal* sentence. (See id.; ECF No. 1 at 6.) Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See Wilson, 503 U.S. at 333 ("[T]he final

clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (explaining that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period" and holding that BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); Tisdale v. Menifee, 166 F. Supp. 2d 789 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences").

     Davison also argues that his federal and state sentences were to run concurrently to one another based on the state court's order. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a). However, a state court cannot unilaterally impose a concurrent sentence to a federal sentence. United States v. Hayes, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because "the federal sentence would not run so long as the defendant remained in state custody"); United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction' ") (quoting Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991)). The federal government cannot be compelled by an agreement between the prisoner and the state authorities to grant a concurrent sentence. Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); United States v. Miller, 49 F. Supp. 2d 489, 494 (E.D. Va. 1999).

In this case, Davison's federal sentence was imposed prior to his state sentence. Accordingly, BOP considered Davison's request for a *nunc pro tunc* designation. When a defendant who is in state custody is sentenced in federal court pursuant to a writ of habeas corpus *ad prosequendum*, the inmate's federal sentence generally does not commence until the inmate fully discharges the state sentence and is transferred to federal custody. Thomas, 962 F.2d at 361 n.3. However, an inmate that is not in federal custody may have his federal sentence commence the date it is imposed if BOP grants a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. Evans, 159 F.3d at 911-12. Section 3621(b) provides the following factors for consideration: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the inmate; (4) any statement by the court that imposed the sentence; (5) any pertinent policy statement issued by the Sentencing Commission. Granting or denying a *nunc pro tunc* designation is within the discretion of BOP. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); see also McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998) (stating that BOP is given broad discretion to grant or deny a request for *nunc pro tunc* relief after the request is given "full and fair consideration"); Trowell v. Beeler, 135 Fed. Appx. 590, 593 (4th Cir. 2005).

In this case, BOP assessed Davison's request in accordance with the factors in § 3621(b) and determined that a *nunc pro tunc* designation was not appropriate. Davison has not presented any evidence that BOP abused its discretion in reaching this decision. Therefore, he is not entitled to habeas relief on this basis.

Finally, with regard to Davison's argument that he entitled to additional credit toward his federal sentence under United States Sentencing Guideline § 5G1.3(b), as pointed out by the respondent, such an argument is not appropriate in a § 2241 petition. "A challenge under the

sentencing guidelines goes to an error allegedly committed by the sentencing court, as opposed to BOP in its implementation of a sentence, and is thus inappropriate for a § 2241 petition." Hasan v. Sniezek, 379 Fed. Appx. 232, 235 (3d Cir. May 10, 2010); see also Roth v. Young, 270 Fed. Appx. 322, (5th Cir. Mar. 18, 2008) ("Whether the district court should have reduced his sentence pursuant to § 5G1.3(b) is an issue that challenges the correctness of the [petitioner's] sentence; therefore, [petitioner] is not entitled to proceed under § 2241.").

## RECOMMENDATION

Davison has presented no evidence that would take him outside the general rule of 18 U.S.C. § 3584(a) and cannot demonstrate that BOP abused its discretion in denying his request for a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b). Therefore, by the plain terms of the statute, Davison's state and federal terms run consecutively. Accordingly, the court recommends that the respondent's motion (ECF No. 13) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 12, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).