IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Francis Mackey Davison, III,            )
                Petitioner,    )    Case No. 0:10-cv-3145-RMG
                              )
      v.                          )    **ORDER**
                              )
Warden of FCI- Estill,                  )
                Respondent.    )
_____ )

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 42 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons ("BOP") erroneously calculated the term of imprisonment for his sentence. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 23). The Magistrate Judge also advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner failed to object to the Magistrate Judge's Report and Recommendation. As explained herein, this Court has reviewed the Record for any errors of law, agrees with the Report and Recommendation, and therefore grants Respondent's motion for summary judgment.

**LAW/ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and

1

Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Here, Petitioner contends that he is entitled to additional credit for the time he spent in state custody prior to receiving his federal sentence, including the time he was in federal court pursuant to the federal writ of habeas corpus *ad prosequendum*. Petitioner argues that his sentence was miscalculated because the federal and state charges should have run concurrently and because his state sentence was vacated. This Court disagrees. It is well settled that the BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); 28 C.F.R. § 0.96. In this case, Petitioner was in state custody due to his September 9, 2003 arrest when he received his sentence for the federal charges. He subsequently received his state charges and a detainer was filed with the State of Florida, where Petitioner was being held, for Petitioner to serve his federal sentence. Petitioner received credit towards his state sentence for all the time he spent in custody prior to when he began serving his federal sentence. Petitioner contends that he should also receive credit for this time toward his federal sentence. However, 18 U.S.C. § 3585(b) prohibits the application of any prior custody credit toward a federal sentence that has already been applied to a state sentence. Petitioner also argues that his state sentence was vacated and therefore the time he spent in state custody serving that sentence

should be applied towards his federal sentence. (Dkt. No. 19). The record reflects that although Petitioner's sentence was modified, the sentence was never vacated. Thus, Petitioner received credit on his state sentence for all the time he was held in state custody and receiving double credit for this time would violate 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' ").

Next, Petitioner argues that his state and federal sentences should run concurrently because the state court intended for them to do so. However, a state court cannot unilaterally impose a concurrent sentence to a federal sentence. *United States v. Hayes*, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because "the federal sentence would not run so long as the defendant remained in state custody"). Additionally, pursuant to the Supremacy Clause, a state court cannot require a federal court or BOP judgment to run concurrently with a state court judgment. *See Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3d Cir. 1990) ("[N]either the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."); *accord Trowell v. Beeler*, 135 Fed.Appx. 590, 593-94 (4th Cir. 2005).

In effort to obtain concurrent state and federal sentences, Petitioner also requested a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621 (b). This designation is available to inmates who are not in federal custody and commences the federal sentence in a non-federal facility on the date in which the sentence is imposed. BOP determines whether to grant this designation based on the following factors from § 3621(b): (1) the resources of the non-federal facility; (2) the nature

3

and circumstances of the offense; (3) the history and characteristics of the inmate; (4) any statement by the court that imposed the sentence; (5) any pertinent policy statement issued by the Sentencing Commission. Based on these factors, BOP did not find that a *nunc pro tunc* designation was appropriate and Petitioner has not offered any evidence that BOP's determination was unfounded.

Lastly, Respondent correctly points out that Petitioners claim for additional credit for his federal sentence pursuant to United States Sentencing Guideline § 5G1.3(b) is not a proper claim for a §2241 petition. *See Hasan v. Sniezek*, 379 Fed. Appx. 232, 235 (3d Cir. May 10, 2010); *see also Roth v. Young*, 270 Fed. Appx. 322, (5th Cir. Mar. 18, 2008) ("Whether the district court should have reduced his sentence pursuant to § 5G1.3(b) is an issue that challenges the correctness of the [petitioner's] sentence; therefore, [petitioner] is not entitled to proceed under § 2241.").

## CONCLUSION

After a thorough review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

June 20, 2011
Charleston, South Carolina